UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DRAKE JOSEPH GEISLER | CIVIL ACTION |
| VERSUS | NO. 19-13658 |
| LOUISIANA STATE ET AL. | SECTION "M"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Drake Joseph Geisler, is a prisoner currently incarcerated in the Claiborne Parish Detention Center in Homer, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants the State of Louisiana, the Terrebonne Parish Criminal Justice Complex, Sheriff Jerry Larpenter, Major Stephen Bergeron, Terrebonne Parish President Gordon Dove and Lieutenant T. Schwausch.

Plaintiff's complaint alleges generally that defendants "imposed a substantial burden" on his right to exercise his Messianic Jewish faith when they refused to provide him with a kosher diet in prison. Record Doc. No. 1 at p. 5, ¶ IV. In his statement of facts, plaintiff further states that he is "forced to defil[e] his conscience" on a daily basis by eating food that is unclean and non-kosher. Record Doc. No. 14 at p. 3. He alleges that after he filed several written grievances, he was informed that he would receive a kosher diet, but prison officials subsequently told him that "a kosher diet cannot be provided" at the facility. Id. at p. 4. Geisler further complains that he is being slandered on Facebook and in a local newspaper for filing the present lawsuit. Id. Geisler seeks monetary relief, a proper kosher diet and religious and mental health counseling. Record Doc. No. 1 at p. 5, ¶ V.

Defendant the State of Louisiana filed a Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, Record Doc. No. 23, noticed for submission on March 11, 2020, which was automatically referred to me for a report and recommendation. Local Rule 73.2(A). In its motion, the State argues that it is immune from suit under the Eleventh Amendment.

I.      STANDARDS OF REVIEW

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions brought under Rule 12(b)(1)

> allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); accord Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762–63 (5th Cir. 2011); Johnson v. Aramco Servs. Co., 164 F. App'x 469, 470 (5th Cir. 2006).

A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. Venable v. La. Workers' Comp. Corp., 740 F.3d 937, 941 (5th Cir. 2013); Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009). A motion to dismiss under Rule 12(b)(1) is analyzed under the

same standard as a motion to dismiss under Rule 12(b)(6). In re Mirant Corp., 675 F.3d 530, 533 (5th Cir. 2012); Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008).

Under Rule 12(b)(6), as clarified by the Supreme Court,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

3

Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

In this case, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED** and that plaintiff's Section 1983 claims against the State of Louisiana be **DISMISSED WITH PREJUDICE** on Eleventh Amendment immunity grounds.

II.   ANALYSIS

Under the Eleventh Amendment, "[g]enerally, a state itself has immunity from private suit — including for money damages, injunctive relief, and declaratory relief — unless Congress has validly abrogated that immunity or the state has consented to suit." Guajardo v. State Bar of Texas, 2020 WL 728650, at *2 (5th Cir. Feb. 13, 2020) (citing Alden v. Maine, 527 U.S. 706, 729–31 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55–58 (1996)). Generally, the State of Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. § 13:5106(A); La. Const. art. I, § 26; Harris v. Louisiana Office of Juvenile Justice, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citing Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll., 149 So. 3d 227, 229 (La. 10/15/14)). Thus, in each unsanctioned instance of federal suit, the State must affirmatively waive its Eleventh Amendment immunity. Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch, 217 F. App'x 391, 394 (5th Cir. 2007) (citing Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990)).

Section 1983 provides a remedy for constitutional violations against persons, not entities or States like Louisiana. In addition, the court must dismiss a complaint like this one brought by a prisoner in forma pauperis if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Because the State of Louisiana is immune from suit and has not waived its immunity, the Eleventh Amendment bars plaintiff's claims for relief against this defendant.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendant Louisiana State's Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction be **GRANTED** and that plaintiff's claims against this defendant pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this   30th   day of March, 2020.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE