UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DRAKE JOSEPH GEISLER                               CIVIL ACTION

VERSUS                                              NO. 19-13658

LOUISIANA STATE ET AL.                              SECTION "M"(2)

## REPORT AND RECOMMENDATION

Plaintiff, Drake Joseph Geisler, is a prisoner currently incarcerated in the Claiborne Parish Detention Center in Homer, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") against six (6) defendants: the State of Louisiana, the Terrebonne Parish Criminal Justice Complex ("the Terrebonne jail"), Sheriff Jerry Larpenter, Major Stephen Bergeron, Terrebonne Parish President Gordon Dove and Lieutenant T. Schwausch.

Plaintiff's complaint alleges generally that defendants "imposed a substantial burden" on his right to exercise his Messianic Jewish faith when they refused to provide him with a kosher diet in the Terrebonne jail. Record Doc. No. 1 at p. 5, ¶ IV. All of his complaints relate to his treatment while in custody in the Terrebonne jail. In his statement of facts, plaintiff states that he is "forced to defil[e] his conscience" on a daily basis by eating food in the jail that is unclean and non-kosher. Record Doc. No. 14 at p. 3. He alleges that after he filed several written grievances with jail officials, he was informed that he would receive a kosher diet, but prison officials subsequently told him that "a kosher diet cannot be provided" at the facility. Id. at p. 4. Geisler further complains that he is being slandered on Facebook and in a local newspaper for filing the present lawsuit. Id. Geisler seeks monetary

relief, a proper kosher diet and religious and mental health counseling. Record Doc. No. 1 at p. 5, ¶ V.

By separate report and recommendation, it has previously been recommended that the State of Louisiana must be dismissed on Eleventh Amendment grounds. Record Doc. No. 25. In the current motion, defendants Gordon Dove, the President of Terrebonne Parish, and the Terrebonne Parish Criminal Justice Complex also seek dismissal from the case for plaintiff's failure to state a claim upon which relief can be granted against them. Record Doc. No. 18. In this motion, Dove argues that the jail is the sole province of the Sheriff of Terrebonne Parish, defendant Jerry Larpenter, who is the maker of jail policy in his official capacity, and that Geisler has made no allegations in his written submissions sufficient to state a claim based upon policy or practice of the Parish as a municipality, as opposed to those of the Sheriff, as required by the holding of the United States Supreme Court in Monell v. Dep't of Social Services, 436 U.S. 658 (1978). Record Doc. No. 18-1 at pp. 6-8. The motion also asserts that the Terrebonne jail is an improper defendant that is not capable of being sued because it is an entity, not a person within the meaning of Section 1983. Id. at p. 8.

I.   STANDARDS OF REVIEW

Under Rule 12(b)(6), as clarified by the Supreme Court,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

-2-

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." Id. at 803 n.44 (quotation omitted); accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).

"With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Jabary v. City of Allen, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting Iqbal, 556 U.S. at 664). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish, 456 F. App'x 336, 340 (5th Cir. 2011) (quotations omitted) (citing Iqbal, 556 U.S. at 696; Elsensohn v. St. Tammany Parish Sheriff's Ofc., 530 F.3d 368, 371 (5th Cir. 2008); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 n.10 (5th Cir. 2007)).

In this case, **IT IS RECOMMENDED** that the motion to dismiss of defendants Dove and the Terrebonne jail be **GRANTED** and that plaintiff's Section 1983 claims against these

two defendants be **DISMISSED WITH PREJUDICE** because Geisler's complaint has not and cannot as a matter of law state a Section 1983 claim against them.

II.     ANALYSIS

(A)     No Claim Against Parish President Dove

Plaintiff does not allege that Parish President Dove was personally involved in his individual capacity in any way in the alleged acts or omissions upon which his claims are based. To hold Dove liable, plaintiff must establish either that he was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [the defendant] . . . and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); accord Cox, 281 F. App'x at 391; Kohler, 470 F.3d at 1115. Geisler has failed to make any such allegations that Dove was personally involved in any acts concerning his alleged constitutional right to a Kosher diet, all of which occurred while Geisler was in the custody of jail officials.

As to his official capacity, an official like Parish President Dove may be held liable only if he implemented an unconstitutional policy on behalf of the municipal or governmental entity for which he acts as policymaker that causally resulted in plaintiff's injury. Monell, 436 U.S. at 691-95; Thompson v. Johnson, 348 F. App'x 919, 921 (5th Cir. 2009) (citing Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992)); Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 435 (5th Cir. 2008); Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). "A municipality or

other local government may be liable under [§ 1983] if the government body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011). A plaintiff seeking to impose liability on a local governmental entity under Section 1983 must identify a "municipal 'policy or custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (stating that "to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." (internal citation omitted)).

The Terrebonne jail is indisputably the province of the Terrebonne Parish Sheriff in his official capacity, not the Parish itself or its Parish President. "[T]here is no basis for seeking relief against [Parish President Dove] in [his] official capacit[y], where suit against the proper official, Sheriff [Larpenter], in his official capacity already lies." Green v. Edward, 2011 WL 6778796, *8 (E.D. La. Oct. 17, 2011). Because Geisler cannot and has not alleged a custom, usage or policy under Monell and its progeny for which Dove in his official capacity as President of Terrebonne Parish might be constitutionally liable, plaintiff fails to state a claim for relief under Section 1983.

Monell, 436 U.S. at 691-95; Thompson, 348 F. App'x at 921-22; Mouille, 977 F.2d at 929.

No basis for liability has been made in this case against defendant Dove, either in his individual or official capacities. Thus, his motion must be granted, and the claims against him must be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

(B)     No Claim Against the Jail

Geisler has named the Terrebonne Parish Criminal Justice Complex itself as a defendant. A prison or jail are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not "persons" for purposes of suit under Section 1983, as the statute and case law define that term. Cage v. Kent County Corr. Facility, 113 F.3d 1234, 1997 WL 225647, at *1 (6th Cir. 1997); Johnson v. LCDC Med. Staff, 2009 WL 1256906, at *2 (E.D. Tenn. Apr. 29, 2009); Holifield v. Mobile County Sheriff's Dep't, 2008 WL 2246961, at *5 (S.D. Ala. May 29, 2008); Cullen v. DuPage County, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Corr. Facility Admin., 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); Sponsler v. Berks County Prison, 1995 WL 92370, at *1 (E.D. Pa. 1995); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

Under these circumstances, all claims against the Terrebonne jail itself must be dismissed, and the pending motion to dismiss filed on behalf of the jail should be granted.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that the motion of defendants Gordon Dove, the president of Terrebonne Parish, and the Terrebonne Parish Criminal Justice Complex to Dismiss for Failure to State a Claim, Record Doc. No. 18, be **GRANTED** and that plaintiff's claims against these two defendants pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this \_\_\_\_30th\_\_\_\_ day of March, 2020.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE